IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES

VERSUS                                                          Criminal No.:  1:22cr11-TBM-RPM

CURTIS NAVELLE HARRISON

**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS ALL EVIDENCE OBTAINED FROM THE USE OF EXPIRED WARRANTS ON DEFENDANT BOOKER'S, HARRISON'S AND SUSPECT HENDERSON'S MOBILE PHONES**

COMES NOW, CURTIS NAVELLE HARRISON, by and through his recently appointed CJA Counsel, James Bailey Halliday, and files this Memorandum in Support of his Motion to Suppress Evidence and respectfully submits to this Honorable Court the following:

**INTRODUCTION**

Under Federal Rules of Criminal Procedure 12(b)(3)(C), motions to suppress must be raised before trial.  Therefore, this motion is being brought before the court before trial and a hearing is requested unless the Government concedes.

**SUMMARY OF THE ARGUMENT**

The Government relied upon expired warrants to obtain phone records and related and derivative evidence and data from defendants Curtis Harrison and Louis Booker, Jr. and suspect Henderson. A search based upon an expired warrant is a warrantless search. Evidence improperly and illegally seized without a warrant should be suppressed. The 'good faith' exception allowing the use of a warrant (determined after its execution to be somehow defective or deficient) does not apply here. The warrants used were patently and obviously defective on their face and therefore any law enforcement officer using an expired warrant cannot be acting in

an objectively reasonable manner nor in good faith. Police must have a valid search warrant before searching a cell phone. *Riley v. California*, 134 S.Ct. 2473, 2493 (2014).

## STATEMENT OF RELEVANT FACTS

As part of the investigation in this case, the government applied for and obtained warrants to search Mr. Booker's and Mr. Harrison's phones (and suspect Henderson's) which had been seized during the search of a residence in Moss Point, Mississippi. The warrant for Mr. Booker's phone was issued on July 28, 2021, by a Judge for the County Court of Jackson County, Mississippi. The warrant for Mr. Harrison's phone (Apple iPhone 7 Plus) was also issued on July 28, 2021, by a Judge for the County Court of Jackson County, Mississippi. [Ex 1].

Both warrants on the bottom of the first page clearly stated in pertinent part as follows:

IN EXECUTING THIS WARRANT, you are required to:

1. Conduct the search within ten (10) days, a time period NOT EXCEEDING TEN (10) DAYS from the issuance of this warrant, and

However, the police did not execute the search warrant on Mr. Booker's phone until August 10, 2021, some thirteen days later; three (3) days after the warrant had expired. Similarly, the police did not execute the search warrant on Mr. Harrison's phone until August 11, 2021, some fourteen days later; four (4) days after the warrant had expired. [Ex 2] [Extraction Report Apple iPhone 7 Plus].

## MISSISSIPPI AND FEDERAL RULES OF CRIMINAL PROCEDURE

Both the Mississippi and Federal Rules of Criminal Procedure require execution of a search warrant within a specified and limited time. The Mississippi Rules of Criminal Procedure requires:

Every search warrant issued by the court shall:

**(1)** command the law enforcement officer to search, within a specified time *not to exceed ten (10) days*, the person(s) or place(s) named in the search warrant and to return the warrant and an inventory of the thing(s) seized to the court as designated in the warrant;**(2)** designate the court to which the warrant and an inventory of the thing(s) seized shall be returned; and **(3)** be signed and dated by the judge, showing the exact time and date and the name of the law enforcement officer to whom the warrant was delivered for execution.  (Emphasis added).

*Miss. R. Crim. P. 4.3* Adopted eff. July 1, 2017

Similarly, the Federal Rules of Criminal Procedure also require that a warrant be executed within a specified and limited time as set forth in the warrant. See Fed. R. Crim. Pro Rule 41(e) (2)(A)(i).

## THE GENERAL RULE FOR SUPPRESSION MOTIONS

When a pre-trial suppression motion shows that there are contested issues of law or fact relating to the lawfulness of a search, an evidentiary hearing should be held and argument heard. *U.S. v. Ramirez-Gonzales*, 87 F3d 712, 715 (Fifth Cir. 1996). The government bears the burden of going forward once the defense raises a supportable suppression issue and requests a hearing.

## THE EXCLUSIONARY RULE

The Fourth Amendment to the U.S. Constitution protects the right of citizens to be "free from unreasonable searches and seizures." *Davis v. United States*, 131 S.Ct. 2419, 2433 (2011). "The exclusionary rule prohibits introduction into evidence of tangible materials seized during an unlawful search…" *Murray v. United States*, 487 U.S. 533,536 (1988) (citing *Weeks v. United States*, 232 U.S. 383 (1914). It also prohibits officers from testifying as to knowledge acquired during an unlawful search. *Id.* "Beyond that, the exclusionary rule also prohibits the introduction of derivative evidence, both tangible and testimonial, that is the product of the primary evidence, or that is otherwise acquired as an indirect result of the unlawful search…" *Id.* Such derivative or

indirectly acquired evidence is often referred to as the "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471, 484 (1963).

Though the rationale behind the exclusionary rule is based in constitutional rights, it is a court-created remedy and deterrent, not an independent constitutional right. The purpose of the rule is to deter law enforcement officers from conducting searches or seizures in violation of the Fourth Amendment and to provide remedies to defendants whose rights have been infringed. To suppress the evidence derived from a defective warrant should serve the interest of deterring future constitutional violations. See *Leon*, 468 U.S. at 919–20, 104 S. Ct. 3405 (full citation omitted).

The exclusionary rule applies exclusively to criminal proceedings. *Penn. Bd. Of Prob. Parole v. Scott*, 524 v. U.S. 357, 363 (1998).

## GOOD FAITH EXCEPTION

Under the good faith exception evidence is not excluded if it is obtained by officers who reasonably rely on a search warrant that turns out to be invalid. See *Arizona v. Evans*, 514 U.S. 1 (1995). This exception is factual dependent and relies upon a finding by the reviewing tribunal that the officers involved where "objectively reasonable and acted in good faith" when executing a warrant that later was determined to be legally defective. See *United States v. Massi*, 761 F.3d 512 (5th Cir. 2014)

## THE LEGAL STANDARD IN THE FIFTH CIRCUIT
## THE EXCLUSIONARY RULE AND THE GOOD FAITH EXCEPTION

In discussing its view of the use of an invalidated warrant, the Fifth Circuit in *United States v. Brock* recently stated:

"When reviewing the denial of a motion to suppress evidence obtained pursuant to a search warrant, we initially must determine whether the good faith exception to the exclusionary

4

rule applies. United States v. Cherna, 184 F.3d 403, 406-07 (5th Cir. 1999). If so, we need not engage in further analysis. Id. Under the good faith exception, "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant" should not be excluded. United States v. Leon, 468 U.S. 897, 922 (1984)." *United States v. Brock* (5th Cir. 2020).

And regarding the disallowance of 'good faith' exceptions, thus disallowing the use of an invalidated warrant, in *United States v. Powell* as follows:

"Issuance of a warrant by a magistrate normally suffices to establish good faith on the part of law enforcement officers who conduct a search pursuant to the warrant. United States v. Shugart, 117 F.3d 838, 843-44 (5th Cir. 1997). The good-faith exception generally does not apply: (1) when the issuing magistrate was misled by information in an affidavit that the affiant knew or reasonably should have known was false; (2) when the issuing magistrate wholly abandoned his judicial role; (3) when the warrant affidavit is so lacking in indicia of probable cause as to render official belief in its existence unreasonable; and (4) when the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that executing officers cannot reasonably presume it to be valid. United States v. Woerner, 709 F.3d 527, 534 (5th Cir. 2013). As we have stated, "[t]o impeach the warrant, [the defendant] must show that [the law enforcement officer] either deliberately or recklessly misled the magistrate and that without the falsehood there would not be sufficient matter in the affidavit to support the issuance of the warrant." United States v. Davis, 226 F.3d 346, 351 (5th Cir. 2000)." *United States v. Powell* (5th Cir. 2021)

The Fifth Circuit clearly set forth its defining parameters and guidance to the district courts when it stated:

"…[T]he good faith exception provides that "evidence obtained during the execution of a warrant later determined to be deficient is nonetheless admissible if the executing officer's reliance on the warrant was objectively reasonable and made in good faith." *United States v. Woerner*, 709 F.3d 527, 533 (5th Cir.2013). The exception involves a judicial determination that exclusion of the evidence does not advance the interest of deterring unlawful police conduct. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1994). The good faith exception limits exclusion where "the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion." *Leon*, 468 U.S. at 922, 104 S.Ct. 3405." *United States v. Massi*, 761 F.3d 512 (5th Cir. 2014).

And further the Fifth Circuit illuminated its position as follows:

"Under the good faith exception, evidence obtained during the execution of a warrant later determined to be deficient is nonetheless admissible if the executing officer's reliance on the warrant was objectively reasonable and made in good faith." United States v. Woerner, 709 F.3d 527, 533 (5th Cir. 2013). In conducting the good-faith inquiry, the court may consider all of

the circumstances surrounding the issuance of the warrant, see United States v. Pope, 467 F.3d 912, 916 (5th Cir. 2006), and should suppress the evidence only if "a reasonably well trained officer would have known that the search was illegal" despite the authorization of the issuing judge, United States v. Leon, 468 U.S. 897, 922 n.23 (1984). *United States v. Ruelas* (5th Cir. 2019)

## ARGUMENT

Recently, the Fifth Circuit Court of Appeals faced a very similar situation that this Court is now facing, i.e., whether a District Court's decision (United States District Court for the Southern Division of Texas) to exclude or allow into evidence electronic and related material at trial seized and obtained from the use and execution of an expired warrant and later secondary unexpired warrants. See *United States v. Woerner*, 709 F.3d 527 (5th Cir. 2013).

The Federal District Court excluded and suppressed any evidence obtained via the expired warrant while allowing evidence obtained afterwards by subsequent unexpired warrants.

While in all candor to the Court, the appeal did not focus on that particular District Court decision to exclude and suppress any evidence and subsequent statements/confessions and evidence obtained from the expired warrant, the Fifth Circuit did discuss the lower court's decision and a multitude of related appeals within that case. To date, this case has been affirmatively cited, within the Fifth Circuit, and elsewhere in a total of seventy-nine (79) different decisions.

Importantly and significantly, no citing Federal District and/or Appellate Court has criticized (or otherwise distinguished) the Southern District Court of Texas' decision to suppress the electronic and related evidence from the use of <u>an expired search warrant.</u>

In the *Woerner* decision, the District Court set forth the basic facts as follows:

"Relying on that information, Detective Gilbert Rodriguez of the LFPD applied for and received a warrant to search the 103 Ash Street property for evidence of possession and distribution of child pornography ("the state search warrant"). The warrant, which was issued on July 6, 2010, expired after three days. On July 12, 2010, believing the warrant to be expired, Rodriguez and other state officers executed the

expired search warrant and seized computers, cameras, VHS tapes, photographs, and electronic storage media. Upon determining that the seized evidence furnished probable cause to believe that Woerner was in possession of child pornography, the state officers arrested Woerner and transported him to the LFPD." *United States v. Woerner*, 709 F.3d 527 (5th Cir. 2013)

And further that:

"Prior to trial, Woerner moved to suppress evidence seized during the execution of the expired state search warrant, statements he made to FBI agents during his custodial interrogation, and the evidentiary fruits of both encounters. After conducting a hearing, the district court granted, in part, and denied, in part, Woerner's motion to suppress in a memorandum opinion and order (the "first suppression order"). The court ordered the suppression of physical evidence seized from Woerner's home and statements he made to the FBI on the grounds that the physical evidence was seized pursuant to, and his statements were tainted by, the unlawful July 12 search of his home." *Id*.

And as affirmatively cited in a following Fifth Circuit opinion:

"Prior to trial, Woerner moved to suppress evidence. The district court found, in part, that the good faith exception did not apply and suppressed all of the evidence seized from Woerner's home by the LFPD pursuant to an expired search warrant and the subsequent statements that he made to the FBI in the parallel investigation on the grounds that the "evidence was seized pursuant to, and his statements were tainted by, the unlawful July 12 search of his home." Woerner, 709 at 533. *United States v. Massi*, 761 F.3d 512 (5th Cir. 2014)

It is clear from the *Woerner* and following and approving decisions that any electronic and related and resultant evidentiary materials, statements, etc. obtained from a search warrant that is obviously expired, as the Booker/Harrison warrants were, should be excluded and suppressed.

As affirmatively stated by the Fifth Circuit: "Based on Woerner, the evidence here should clearly be suppressed. Howard and his agency were involved in this investigation the entire time and he knew exactly what had occurred. This is akin to the first warrant in Woerner in which the evidence was suppressed and the good faith exception did not apply." *United States v. Massi*, 761 F.3d 512 (5th Cir. 2014)

"Because the benefits produced by suppressing the evidence here are not merely marginal or nonexistent and do justify the costs of exclusion, the good faith exception does not apply.

7

*Leon*, 468 U.S. at 922, 104 S.Ct. 3405." *United States v. Massi*, 761 F.3d 512 (5th Cir. 2014). That is exactly the case here. Local law enforcement officers relied upon an obviously expired and patently defective state search warrant to illegally and improperly obtain sufficient evidence to federally indict both defendants here and to build and factually bolster their narcotics distribution case in chief conspiracy indictment.

In determining whether the good faith exception applies, "we do not attempt an 'expedition into the minds of police officers' to determine their subjective belief regarding the validity of the warrant." *United States v. Payne*, 341 F.3d 393, 400 (5th Cir.2003) (quoting Leon, 468 U.S. at 922 n. 23, 104 S.Ct. 3405). Rather, the analysis "is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." Id. See *United States v. Massi,* 761 F.3d 512 (5th Cir. 2014)

## CONCLUSION

There is no excuse for the use and execution of an expired warrant. No reasonably objective officer acting in good faith would rely upon an obviously expired and thus patently defective document as lawful authorization to conduct a search.  This Court should suppress all evidence obtained from the illegal and unauthorized use of the expired warrant,  Anything less will prove to be a deficient and less than effective deterrent to prevent future flagrant abuses of expired authorization to seize and search citizens' electronic devices, communications and social media.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully moves this Honorable Court to suppress all evidence seized or otherwise obtained as a direct or derivative

product during the expired and thus warrantless searches of the defendant's, co-defendant's and suspect's phones.

Respectfully Submitted, this the 18th of July 2022.

                                          Curtis Navelle Harrison.
                                        By Defense Counsel

                                        /s/ *James Bailey Halliday*
                                        JAMES BAILEY HALLIDAY
                                        CJA Panel Attorney
                                        James Bailey Halliday
                                        MS Bar No. 2924
                                        12257 Ste. B Ashley Drive
                                        Gulfport, MS 39503
                                        (228) 861-5759
                                        jamesbaileyhallidayesq@gmail.com

**CERTIFICATE OF SERVICE**

I certify that I have this date electronically filed this pleading via the U. S. District Court's ECF System which simultaneously gave notice to all counsel of record on July 18, 2022.

                                        /s/ *James Bailey Halliday*
                                        JAMES BAILEY HALLIDAY
                                        CJA Panel Attorney