IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.	CASE NO. 1:22cr11TBM-RPM

LOUIS BOOKER, *et al.*

**RESPONSE TO DEFENDANT LOUIS BOOKER AND DEFENDANT CURTIS HARRISON'S MOTIONS TO SUPPRESS EVIDENCE**

The United States of America (hereinafter "the Government"), by and through its undersigned counsel, respectfully submits this Response to Defendant Louis Booker's Motion to Suppress (Doc. 77) and Curtis Harrison's First Motion to Suppress (Doc. 80). As more thoroughly addressed below, the evidence at issue in this case was not seized in violation of the Fourth Amendment and/or the Defendants' request is moot. Accordingly, the Defendants' motions should be denied.

**Background**

In July 2021, law enforcement officers with the South Mississippi Metro Enforcement Team ("SMET") were involved in an investigation concerning Louis Booker. (Doc. 78-1, page 6.) As part of the investigation, officers used a confidential information to purchase methamphetamine from Booker. (*Id.*) As a result of the investigation, officers obtained a search warrant for Booker's residence. (*Id.*) The search warrant was executed on July 26, 2021. (*Id.*)

When officers executed the search warrant, they discovered Louis Booker, Curtis Harrison, and Johnny Henderson fleeing through the back door. (*Id.*) During the course of the search, officers recovered multiple firearms, over 200 grams of a controlled substance that field-tested positive for methamphetamine, approximately 90 grams of a substance that field-tested positive

for fentanyl, approximately 70 grams of a substance the field-tested positive for heroin. (*Id.*) In addition, officers located multiple cell phones including an Apple iPhone 11 that belonged to Booker, an Apple iPhone 7 that belonged to Harrison, and an LG phone that belonged to Henderson.

On July 28, 2021, officers sought and received state search warrants authorizing the search of the three phones. (*See* Exhibit A) The search warrants indicated they were to be executed within ten days. The day they received the warrants to search the phones and after receiving the warrant, an officer manually searched Booker's phone.[1] However, a full forensic extraction report for Booker's phone was not completed until August 10, 2021. Officers completed the forensic extraction on Harrison's phone on August 11, 2021. The same iMessage communications between Booker and Harrison were discovered in the extraction of both Booker and Harrison's phone. (*Compare* Exhibit B *with* Exhibit C).

## Argument

I.    **The Government timely executed the search warrant on Booker's phone.**

The search warrant in this case required the Government to search Booker's phone within ten days of its issuance. An officer conducted a manual search of Booker's phone the day that the search warrant was issued. The subsequent forensic examination was conducted in order to facilitate the copying of all of the data on the phone as authorized by the search warrant. Accordingly, officers did not violate the Fourth Amendment with respect to Booker's phone.

To the extent Booker may attempt to argue that the subsequent forensic examination of the phone violated his Fourth Amendment rights, such an argument is unpersuasive. As the Fifth Circuit has explained: "Once property has been seized with proper justification and is in plain view

---

[1] The Government intends to offer proof of this fact at the scheduled hearing on the pending motion.

of government officials, the owner no longer has a reasonable expectation of privacy with respect to that property, and it may be seized without a warrant." *United States v. Andrews*, 22 F.3d 1328, 1336-37 (5th Cir. 1994) (upholding denial of motion to suppress where state law enforcement officer conducted an inventory of a notebook and then provided the notebook to federal agents because when the officer "turned the notebook over to federal officials and they reviewed it, it had already been seized with proper justification")  This view is echoed by other Circuits. *See, e.g.*, *United States v. Pace,* 898 F.2d 1218, 1243 (7th Cir. 1980) ("Once the police have lawfully seized and searched an item, subsequent warrantless searches of that item are lawful so long as the item remains in the police's continuous possession."); *United States v. Burnette*, 698 F.2d 1038, 1049 (9th Cir. 1983) ("Lynette's purse was lawfully searched at the time of her arrest and her expectation of privacy in the purse was thereby significantly reduced, if not destroyed.  The subsequent search at the station did not violate any 'reasonable expectation of privacy.'").

Accordingly, assuming the search warrant did not specifically authorize the forensic examination of the phone, such authorization was not required.  Booker had no expectation of privacy in the phone due to the prior manual search.  Therefore, Booker's motion to suppress should be denied.

II.     **The Government does not intend to offer evidence from Harrison's phone against Harrison.**

The Court need not determine whether there was a Fourth Amendment violation with respect to the search of Harrison's phone.  The Government does not intend to offer evidence from the forensic examination of Harrison's phone against Harrison.  Therefore, this issue is moot.[2]

---

[2] To the extent Defendant Harrison also seeks suppression of "derivative" evidence, it is unclear what Harrison deems derivative.  For example, both Booker and Harrison's Facebook accounts were seized and searched pursuant to a federal search warrant.  This warrant was based in part on information garnered from Booker and

### III. The Government can offer evidence seized from Booker's phone against Harrison and Vice Versa.

Should the Court determine that the search of Booker's phone was permissible, then the Court need not reach this issue. However, if the Court finds that the search of Booker's phone did violate his Fourth Amendment rights, such a finding does not preclude the Government from using evidence recovered from Booker's phone against Harrison and/or evidence recovered from Harrison's phone against Booker.

"Fourth Amendment rights may not be vicariously asserted." *United States v. Powell*, 732 F.3d 361, 374 (5th Cir. 2013) (internal quotations and punctuation omitted). An individual does not have an expectation of privacy in phone that belongs to another person. *See United States v. Beaudoin*, 979 F.3d 1092, 1099 (5th Cir. 2020). In *Beaudoin*, the Fifth Circuit held that the defendant did not have a reasonable expectation of privacy in location information recovered from his girlfriend's, despite the record showing that he did use the phone sometimes for his personal activities. *Id*. Here, Booker did not have a reasonable expectation of privacy in Harrison's phone, and Harrison did not have a reasonable expectation of privacy in Booker's phone. Therefore, the Court should not preclude the Government from offering evidence from Booker's phone against Harrison and/or evidence from Harrison's phone against Booker.

### Conclusion

The Government's search of Booker's phone did not violate the Fourth Amendment. Additionally, the Government does not intend to use the forensic examination report from Harrison's phone against Harrison. Therefore, the Court should deny the pending motions to suppress.

---

Harrison's phones. Resolution of the potential suppression of the Facebook accounts would turn upon separate issues of law from this pending motion to suppress.

Dated this the 21st day of July 2022.                    Respectfully submitted,

                                                  DARREN J. LaMARCA
*United States Attorney*

By:   *Jonathan D. Buckner*
       Jonathan D. Buckner
       *Assistant United States Attorney*
       MS Bar # 104146
       1575 20th Avenue
       Gulfport, MS 39501
       Ph: (228) 563-7275
       Jonathan.Buckner@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 21st day of July, 2022, I caused to be filed the foregoing motion with the Clerk of the Court using the ECF system which sent notification of such filing to counsel of record.

                                                  *Jonathan D. Buckner*
                                                  Jonathan D. Buckner
                                                  *Assistant United States Attorney*